**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ERVIN MIDDLETON JR., <br><br> Plaintiff, <br><br> vs. <br><br> NV ENERGY; WELLS FARGO BANK, N.A., <br><br> Defendants. | 2:20-CV-00638-KJD-VCF <br><br> **REPORT AND RECOMMENDATION** |

    Before the court is *Ervin Middleton Jr. v. NV Energy*, *et al.*, case number 2:20-cv00638-RFB-VCF.

    On April 9, 2020, the court set a telephonic case management conference, in accordance with Federal Rules of Civil Procedure 16(a), for 10:00 AM, June 12, 2020. (ECF No. 6). On May 7, 2020, Plaintiff filed a consent for electronic service of documents and his email address was added to the docket for service. (ECF No. 12). On May 11, 2020, the court rescheduled the telephonic case management conference to 10:00 AM, June 11, 2020. (ECF No. 16). CM/ECF showed that a copy of the minute order setting the hearing was emailed to Plaintiff at his listed email address on the docket.

    On June 11, 2020, the Court held a telephonic case management conference, in accordance with Federal Rules of Civil Procedure 16(a). Plaintiff Ervin Middleton failed to appear at the hearing on June 11, 2020. (ECF NO. 23). The Court entered an order scheduling a show cause hearing for 1:00 PM, July 6, 2020. (ECF NO. 24). Middleton was ordered to file with the court, by June 30, 2020, a response showing cause as to why he should not be sanctioned for failing to comply with court order, and to make an appearance at the show cause hearing on July 6, 2020. *Id.* No response was filed.

1   On July 6, 2020, the Court held a show cause hearing and Middleton failed to appear.

2   Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

3   The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. See *McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

Plaintiff has repeatedly failed to follow the rules of this Court. He failed to appear for the telephonic case management conference held on June 11, 2020, failed to file a response to the Order to Show Cause as ordered in ECF No. 24, and failed to appear at the July 6, 2020 show cause hearing.

Accordingly,

IT IS HEREBY RECOMMENDED that this case be dismissed for failure to comply with Court Orders (ECF Nos. 16 and 24).

The Court Clerk is directed to mail and email a copy of this order to Plaintiff Middleton at the following address:

Ervin Middleton Jr.
7380 S. Eastern Ave.
#124348
Las Vegas, NV 89123

Email: emiddle25@yahoo.com

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of July, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE