UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ERVIN MIDDLETON JR., <br><br>  Plaintiff, <br><br> vs. <br><br> NV ENERGY; WELLS FARGO BANK, N.A., <br><br>  Defendants. | Case No. 2:20-cv-00638-KJD-VCF <br><br> **REPORT AND RECOMMENDATION** <br><br> MOTION TO SANCTION ERVIN MIDDLETON, JR. AS A VEXATIOUS LITIGANT BY DEFENDANT WELLS FARGO BANK, N.A. (ECF No. 25) |

Before the Court is defendant Wells Fargo Bank, N.A.'s motion to sanction Ervin Middleton, Jr. as a vexatious litigant. (ECF No. 25). The Court recommends granting Wells Fargo's motion.

**I.     Legal Standard**

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id*. Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id*. (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id*. at 1059 (quoting *De Long*, 912 F.2d at 1147). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that

properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (quotation omitted).

A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. (quotation omitted).  Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id*. at 1056. The court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Williams v. Nat'l Default Servicing Corp*., No. 2:16-cv-1860-GMN-NJK, 2017 U.S. Dist. LEXIS 4111, at 12-14 (D. Nev. Jan. 10, 2017), citing to *Molski v. Mandarin Touch Rest*., 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004).

**II.     Discussion**

Plaintiff Ervin Middleton brings claims against the defendants under the Truth in Lending Act ("TILA"), Fair Debt Collection Practices Act ("FDCPA"), Real Estate Settlement Procedures Act ("RESPA"), and Nevada Revised Statutes 598.0973 and 598.0977, sections of Nevada Deceptive Trade Practices Act ("Nevada DTPA"). (ECF No. 1-1). The Court recommended that Middleton's case be dismissed as a sanction for failing to cooperate, failing to comply with this Court's rules, failing to respond to a response to the Court's Order to Show Cause (ECF No. 24), and failing to appear at the July 6, 2020 show cause hearing. (ECF No. 29). Defendant Wells Fargo also has a motion to dismiss

pending before the Court on different grounds. The Court's recommendation to dismiss and Wells Fargo's motion to dismiss are both pending before the Court.

Wells Fargo argues in its motion for sanctions that Middleton has filed over a hundred unsuccessful lawsuits in both Nevada federal and state courts pro se since 2012, including multiple meritless lawsuits against Wells Fargo in state and federal court that were barred based on claim preclusion. (ECF No. 25 at 2). Wells Fargo argues that this Court should sanction Middleton as a vexatious litigant and require him to obtain prior Court approval before filing additional documents before this Court. (*Id.*) Wells Fargo provided a chart detailing Middleton's various lawsuits in Nevada courts. (ECF No. 25-1 at 1-14).

Middleton argues in his response that he has filed multiple lawsuits against Wells Fargo because it is, "a serial lawbreaker." (ECF No. 26 at 2). Middleton also argues that the Nevada Supreme Court is engaged in a cover-up regarding whether Wells Fargo's attorneys in this case are licensed to practice law: he alleges that defense counsel are not licensed attorneys and may not file motions on behalf of Wells Fargo. (*Id.* at 4).

Wells Fargo argues in its reply that Middleton's response is as frivolous as his lawsuits and that he has caused needless expense to other parties, has posed an unnecessary burden on this Court and other courts. (ECF No. 30 at 3). Wells Fargo argues that plaintiff's lawsuits are duplicative, vexatious, and harassing because Middleton does not have a good faith expectation of prevailing given the incomprehensible complaints filed to date. (*Id.*)

### a. Recommendation to Deem Middleton a Vexatious Litigant

This Court has already dismissed multiple cases that Middleton pursued pro se including dismissals with prejudice, dismissals for failure to state a claim, and dismissals for failing to follow the Court's rules and warnings.

1. *Middleton Jr v. Wells Fargo Bank N.A. et al*, 2:19-cv-00348-APG-VCF, ECF Nos. 44 and 45 (Order granting Wells Fargo's motion to dismiss for failure to state a claim with leave to amend and order closing case because Middleton failed to amend.)

2. *Middleton v. Carrington Mortgage Services LLC et al.,* 2:18-cv-00945-JAD-PAL, ECF No. 49 at 7 (Order dismissing case with prejudice and without leave to amend, finding that Middleton's claims were, "patently frivolous as they lack an arguable basis in law or fact.")

3. *Middleton v. LexisNexis Risk Solutions Inc.*, 2:17-cv-01911-JCM-CWH, ECF No. 61 (Orders granting defendants' motions to dismiss and dismissing claims against defendant LexisNexis Risk Solutions Inc. with prejudice for failure to state a claim.)

4. *Middleton v. Carrington Mortgage Holdings, LLC et al.*, 2:16-cv-01657-RFB-CWH, ECF No. 89 (Order dismissing case with prejudice and finding that Middleton had not, "identified any cognizable claim over which this Court would have jurisdiction.")

5. *Middleton v. Omely Telecom Corp.*, 2:16-cv-01369-JAD-GWF, ECF Nos. 19 and 47 (Orders striking Middleton's amended complaint, which attempted to add new claims and Judges Andrew P. Gordon, Peggy A. Leen, Rob Bare, and Sam Bateman as defendants to his action, were, "unrelated to the allegations that the Court screened in Plaintiff's complaint" and Order dismissing case and finding that, "[a] court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement. And that warning was given here.")

6. *Middleton v. Parrish Snead Franklin Simpson, PLC et al.*, 2:16-cv-01217-APG-GWF, ECF Nos. 31 and 42 (Orders dismissing case and order directing the Clerk to restrict further filings from Middleton.)

7. *Middleton v. Bank of America, N.A. et al.*, 2:15-cv-01867-APG-NJK, ECF No. 6 (Order

adopting report and recommendation to dismiss case because, "[p]laintiff's complaint was deficient[.]")

8. *Middleton v. Carrington Mortgage Services, LLC et al.*, 2:15-cv-01977-APG-PAL, ECF No. 9 (Order dismissing case due to lack of jurisdiction.)

9. *Middleton et al v. Guaranteed Rate, Inc. et al.*, 2:15-cv-00943-RCJ-GWF, ECF No. 18 (Order granting Wells Fargo's motion to dismiss.)

10. *Middleton v. Himes*, 2:15-cv-00076-KJD-CWH, ECF Nos. 6 and 7 (Orders finding that res judicata barred Middleton's petition for declaratory judgment and closing case.)

11. *Middleton v. ReconTrust Company, N.A.. et al.*, 2:14-cv-00477-LDG-GWF, ECF No. 16 (Order granting defendant's motion to dismiss.)

12. *Middleton v. Plus Four, Inc.*, 2:13-cv-01421-GMN-GWF, ECF No. 5 (Order adopting report and recommendation to dismiss Middleton's case with prejudice.)

13. *Middleton v. BAC Home Loan Servicing LP*, 2:13-cv-01376-JCM-CWH, ECF No. 14 (Order granting defendant's motion to dismiss.)

14. *Middleton v. Omely Telecom*, 2:13-cv-01367-GMN-GWF, ECF No. 5 (Order adopting report and recommendation to dismiss Middleton's case with prejudice.)

15. *Middleton v. First Premier Bank*, 2:13-cv-01344-MMD-GWF, ECF Nos. 13 and 20 (Orders granting defendant's motion to dismiss and dismissing Middleton's case for failure to comply with the Court's order.)

16. *Middleton v. Clark County Collection Service*, LLC, 2:13-cv-00553-GMN-NJK, ECF No. 10 (Order dismissing Middleton's case for want of prosecution.)

17. *Middleton v. CCB Credit Services, Inc.*, 2:12-cv-02012-APG-VCF, ECF No. 37 at 3-4 (Order granting defendant's motion for summary judgment, finding that defendant is entitled to judgment as a matter of law because Middleton "cannot state a claim[.]")

18. *Middleton v. Calvary Portfolio Svcs LLC*, 2:12-cv-01993-JCM-VCF, ECF No. 15 (Order granting defendant's motion to dismiss.)

Middleton has also filed numerous cases in Nevada state courts (see ECF No. 25-1) but compiling and analyzing a complete list of his known cases here would be impractical.

"No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). Middleton has a history of filing pro se vexatious and duplicative lawsuits. Middleton does not have a good faith motive in pursuing frivolous litigation. For example, his conduct in the instant matter, by refusing to appear or respond to this Court's order to show cause, shows that he is not prosecuting this case in good faith and he has caused needless expense to the defendants. Middleton has abused the judicial process by filing lawsuits that he knows will be dismissed. Plaintiff's actions, filing multiple frivolous lawsuits and refusing to engage in good faith in the instant case, have posed an unnecessary burden on this Court and are a vexatious abuse of the judicial process. Plaintiff is likely to continue his abuse of the judicial process. Requiring Middleton to seek leave prior to filing new lawsuits is narrowly tailored because he will still have access to this Court by requesting leave. The Court recommends that Middleton be deemed a vexatious litigant.

ACCORDINGLY,

IT IS RECOMMENDED that plaintiff Wells Fargo's motion to sanction and deem plaintiff Ervin Middleton Jr. a vexatious litigant (ECF No. 25) be GRANTED.

IT IS FURTHER RECOMMENDED that Middleton be required to seek LEAVE of Court before filing any additional actions in the District of Nevada.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO RECOMMENDED.

DATED this 13th day of August 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE